UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORI WADE,

        Plaintiff,

        v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

No. C-09-01976 JCS

**ORDER DENYING MOTION TO ALTER, AMEND, OR RECONSIDER JUDGMENT [Docket No. 94]**

## I. INTRODUCTION

On June 6, 2012, the Court entered judgment in favor of Defendant following a bench trial. Plaitiff now brings a Motion to Alter, Amend or Reconsider Judgment ("Motion"). The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). Accordingly, the Motion hearing set for **July 27, 2012** is **vacated**. For the reasons stated below, the Motion is DENIED.

## II. THE MOTION[1]

Plaintiff contends that the Court committed manifest error under Rules 52 and 59 of the Federal Rules of Civil Procedure in concluding that the Coast Guard's decision to call off its search and rescue efforts on July 13, 2007 was not negligent. In particular, Plaintiff points to two Coast Guard Standard Operating Procedures ("SOP") that it contends the Court did not adequately consider, §§ 7.4.3(b) (Sector OCs "shall make every effort to gather as much information as possible concerning each [SAR] case") and 13.1(a) ("[t]he mission of SAR communications is to obtain information on a distress

---

[1] The facts of this case are set forth in the Court's June 6, 2012 Findings of Fact and Conclusions of Law (Docket No. 101). Therefore, the Court does not repeat them here.

incident, disseminate it promptly to all units and commands capable of rendering assistance and by doing so . . .establish beyond a reasonable doubt that no further assistance can be rendered").

According to Plaintiff, Vessel Traffic Management Specialist Leonard Newsom, who conducted all of the direct communications with the *Eva Danielsen*, failed to "gather as much information as possible" or "establish beyond a reasonable doubt that no further assistance [could] be rendered." Of particular significance, Plaintiff asserts, was the following statement by Captain Matesic to Mr. Newsom:

> . . . The moment of this occurrence, I just few minutes ago left bridge[]. Second mate remained on bridge and he make arrangements with this fishing vessel, and then maybe – I did not hear nothing. He just told me immediately that he may be run fishing vessel. **Maybe she was close under bow.**

In light of this statement and the SOPs cited above, Mr. Newsom had a duty to clarify what the Captain meant, Plaintiff contends. According to Plaintiff, Mr. Newsom should have asked the Captain what the Second Mate had told him, how close to the *Eva Danielsen* this boat had been spotted, and how long after radio contact with the "Marja" was lost it was spotted. His failure to do so, according to Plaintiff, was negligent.

Plaintiff also objects to the Court's reliance on *Korpi v. United States*, 961 F. Supp. 1335, 1347 (N.D. Cal. 1997) for the proposition that "courts will not second guess the decisions made by rescue personnel in the midst of the rescue attempt." Plaintiff argues that the facts in *Korpi* were quite different from those at issue in this case to the extent they involved "harried, on-scene decisions of rescuers" rather than the "calm, deliberative" atmosphere in which Mr. Newsom conducted communications with the *Eva Danielsen*. Plaintiff further asserts that *Korpi* does not stand for the proposition that a court can never find that the Coast Guard acted negligently in connection with its conduct of rescue efforts, as the Court seemed to suggest. Rather, the court in that case simply held that it was not appropriate to second-guess the decisions of the Coast Guard under the unique circumstances of that case.

2

## III. ANALYSIS

### A. Legal Standard

Rule 52(b) of the Federal Rules of Civil Procedure provides that in cases tried without a jury, "the court may amend its findings – or make additional findings – and may amend the judgment accordingly." Similarly, Rule 59 allows the court, in an action tried without a jury, to grant a new trial and to "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Motions under both Rule 52(b) and Rule 59 are granted in order to correct manifest errors of law or fact or to address newly discovered evidence.[2] *See Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978) ("[t]here are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence"); *Town House Dep't Stores, Inc. v. Ahn*, 2003 WL 881004 (Guam Ter. March 7, 2003) ("a motion to amend under Rule 52(b) is intended "to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence") (quoting *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986)).

### B. Application of Legal Standard

Having carefully considered Plaintiff's arguments, the Court concludes that there is no manifest error. While the Court did not expressly discuss SOP § 13.1 in its Findings of Fact and Conclusions of Law, that provision does not change its conclusion. Nor does the Court find that its conclusion is inconsistent with SOP § 7.4.3(b). The statement of Captain Matesic upon which Plaintiff relies, quoted above, must be considered in context. In particular, in response to that statement, Mr. Newsom attempted to clarify what Captain Matesic meant, asking the Captain, "[d]id you have this vessel on radar prior to making passing arrangements and then lost it from the radar?" Finding of Fact ("FOF") 36. Captain Matesic answered: "Yes, that's correct. That's correct. Vessel was on radar. Second mate made arrangements and then lost it from the radar." *Id*. With the benefit of hindsight – and particularly

---

[2] Although not at issue in this case, courts may also grant a motion under Rule 59(e) where there has been an intervening change in the law. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

3

in light of the written statement obtained from the Second Mate several days later stating that he *had* seen a mast ahead of the *Eva Danielsen* – it appears likely that had Mr. Newsom been more successful in clarifying the Captain's somewhat ambiguous statement, the Coast Guard might have continued its search and rescue efforts, thus averting a tragedy. However, at the time of the relevant events it was reasonable for Mr. Newsom to interpret the Captain's statements to mean that the reason the Second Mate believed a collision had occurred was because a boat that was "close off the bow" had disappeared from the ship's radar.

Further, the Court understands that *Korpi* does not establish a bright-line rule that courts may not ever find rescue efforts conducted by the Coast Guard to be negligent. It does find, however, that under the facts of this case, negligence on the part of the Coast Guard has not been established.

## IV. CONCLUSION

For the reasons stated above, the Motion is DENIED.

Dated: July 20, 2012

_____
JOSEPH C. SPERO
United States Magistrate Judge

4